### UNITED STATES DISTRICT COURT
### CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| JON C. ALEXANDER,  )<br>  )<br>    Plaintiff,  )<br>  )<br>  v.  )<br>  )<br>CITY OF PEORIA, ILLINOIS, an Illinois  )<br> Local Governmental Entity; STEVEN  )<br>SETTINGSGAARD, Chief of Police of  )<br>the City of Peoria, in his individual  )<br>capacity; and JARED R. MOORE, a  )<br>Police Officer of the City of Peoria in  )<br>his individual capacity.  )<br>  )<br>    Defendants.  ) | Case No. 07-1312 |

## ORDER

Now before the Court is Defendats' Motion to Dismiss. The Court has subject matter jurisdiction pursuant to 28 U.S.C. 1331, as the cause of action arises under 42 U.S.C § 1983. For the reasons stated in this Order, Defendants' Motion to Dismiss [#3] is GRANTED.

### BACKGROUND

The alleged incident took place on November 22, 2006, near the intersection of Southwest Adams Street and Griswold Street in Peoria, Illinois. According to the Complaint, Officer Jared Moore, of the Peoria Police Department, performed a traffic stop on Alexander's vehicle at approximately 20:49 hours, and placed Alexander under arrest. The Complaint does not identify the basis for the arrest. Officer Moore then

allegedly forced Alexander backward, causing Alexander to fall to the pavement and incur injuries. Alexander was transported to St. Francis Medical Center by ambulance, where his scalp was closed with 19 staples. Officer Moore searched the vehicle and discovered cannabis.

The Complaint states that Officer Moore filed a police report characterizing Alexander's injury as a "minor laceration," allegedly an attempt to cover-up the incident. The Complaint further alleges that Chief Settingsgaard is a policy making agent for the City of Peoria, and instituted a custom of deliberate indifference to the abuse of police powers and excessive use of force, as well as a policy of shielding key facts from police records.

Alexander claims violations of his Fourth and Fourteenth Amendment rights by both false arrest and excessive force. Alexander additionally contends that Officer Moore and Chief Settingsgaard deprived him of his right of access to the courts because the police report described Alexander's injury as minor rather than major. Further, Chief Settingsgaard is alleged to have instituted a police policy of covering up key facts. In state claims, Officer Moore is accused of battery, for which Alexander claims the City of Peoria is liable through respondeat superior. Finally, Alexander claims that the City of Peoria is liable for compensatory damages and attorney's fees under the Illinois Local Governmental Immunity Act. Alexander seeks $250,000 in damages including medical costs and past and future pain and suffering.

In their motion, Defendants seek dismissal of the access to courts claim, and Defendant Settingsgaard seeks dismissal from the case. This Order follows.

**LEGAL STANDARD**

Courts have traditionally held that a complaint should not be dismissed unless it appears from the pleadings that the plaintiff could prove no set of facts in support of her claim which would entitle her to relief.  See Conley v. Gibson, 355 U.S. 41 (1957); Gould v. Artisoft, Inc., 1 F.3d 544, 548 (7th Cir. 1993).  Rather, a complaint should be construed broadly and liberally in conformity with the mandate in Federal Rules of Civil Procedure 8(f). More recently, the Supreme Court has phrased this standard as requiring a showing sufficient "to raise a right to relief beyond a speculative level."  Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1965 (2007).

For purposes of a motion to dismiss, the complaint is construed in the light most favorable to the plaintiff; its well-pleaded factual allegations are taken as true, and all reasonably-drawn inferences are drawn in favor of the plaintiff.  See Albright v. Oliver, 510 U.S. 266, 268 (1994); Hishon v. King & Spalding, 467 U.S. 69 (1984); Lanigan v. Village of East Hazel Crest, 110 F.3d 467 (7th Cir. 1997); M.C.M. Partners, Inc. V. Andrews-Bartlett & Assoc., Inc., 62 F.3d 967, 969 (7th Cir. 1995); Early v. Bankers Life & Cas. Co., 959 F.2d 75 (7th Cir. 1992).

**DISCUSSION**

A.  Denial of Access to Courts

Claims for denial of access to courts fall into two categories, forward-looking claims and backward-looking claims.  Christopher v. Harbury, 536 U.S. 403, 413-14 (2002).  Forward-looking claims seek relief for systemic official action that presently

frustrates a plaintiff in preparing or filing suits.  Id.  In such cases, the underlying claim has not been lost for all time, but is rather hampered by some temporary and removable policy.  Id.  Backward-looking claims seek recompense for cases that have been lost, inadequately settled, or are unable to be tried with all material evidence.  Id.  The objective of the backward-looking claim is to obtain relief unavailable in any future suit, even if policy roadblocks were to be removed.  Id.  Both types of claims are ancillary to the underlying claim, for without that claim there can be no injury for being shut out of court. Id. at 415.

For a valid backward-looking access to courts claim, the complaint must: (1) describe the underlying complaint which is arguable and nonfrivolous; (2) allege the official acts frustrating the litigation; and (3) identify a remedy not otherwise available. Id. To deny access to courts "defendants need not literally bar the courthouse door or attack plaintiffs' witnesses.  This constitutional right is lost where . . . public officials shielded from the public and the victim's family key facts which would form the basis . . . for redress." Thomson v. Boggs, 33 F.3d 847, 852 (7th Cir. 1994) (quoting Bell v. Milwaukee, 746 F.2d 1205, 1261 (7th Cir. 1984)).

Alexander's claim is of the backward-looking sort. He claims that the police covered up his injury by characterizing it as minor rather than major on the police report, allegedly diminishing or eliminating his chance of successful litigation.  If the factual allegations are taken as true, Alexander has identified claims for excessive force and battery.  However, while he has alleged official acts frustrating his litigation, the action

alleged, even if true, has not barred adequate, effective, and meaningful access to the courts.

The 7th Circuit has stated that a report containing omissions or incorrect information does not prevent meaningful access to courts where the plaintiff is personally involved in the incident, and thus has firsthand knowledge of the actual events.  Thomson, 33 F.3d at 852 (police report failing to state that officer threw plaintiff to the pavement and jumped on his back and stomach did not prevent access to the courts).  Furthermore, Alexander received medical attention, and the medical records from his treatment are available as evidence of the true extent of his injuries.

In addition, the claim does not state a remedy otherwise unavailable.  The money damages that Alexander seeks are the same relief that he would receive in his battery and excessive force claims, and is therefore not requesting a remedy that he cannot obtain in another action.  Steidl v. Fermon, 494 F.3d 623, 633 (7th Cir. 2007) (citing Christopher, 536 U.S. at 415).  If taken as true, Alexander's complaint does not present a valid denial of access claim, and the complaint must therefore be dismissed in that regard.

B.  Dismissal of Settingsgaard

Defendants' motion additionally requests that Chief Settingsgaard be dismissed from the case in his official capacity, although the complaint names Chief Settingsgaard in his individual capacity.  While Alexander claims that Chief Settingsgaard is personally liable due to his participation in the deprivation of Alexander's rights, both the Complaint

and Plaintiff's Reply allege Chief Settingsgaard's personal participation only in the denial of access to courts claim, which has been dismissed.[1]

At this juncture, it is of no consequence whether or not the claim against Chief Settingsgaard was properly against him personally or against his official position, as Chief Settingsgaard suggests, since the denial of access claim has been dismissed. If Alexander intends to pursue claims against Chief Settingsgaard on other grounds, such claims should be clearly identified in an amended complaint. Also, if Alexander intends to pursue any claims against the City of Peoria, other than liability for battery and false arrest by Officer Moore, such claims must also be clarified and alleged in an amended complaint.

## CONCLUSION

For the reasons set forth herein, Defendants' Motion to Dismiss [#3] is GRANTED with respect to the denial of access to courts claim. This matter is referred to Magistrate Judge Gorman for further proceedings.

ENTERED this 31st day of July, 2008.

s/ Michael M. Mihm
Michael M. Mihm
United States District Judge

---

[1] Although ¶ 17 of the Complaint makes reference to that Chief Settingsgaard's deliberate indifference to police officers' excessive force and abuse of police powers, it does not clearly state a claim on that basis, and such a claim will not be inferred unless clearly pled.